IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02956-SKC-KAS

GREGORY MICHAEL MAJERSKY,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

---

## ORDER

---

This case arises from Plaintiff Gregory Michael Majersky's allegations that Defendant Denver Public Schools discriminated and retaliated against him in violation of federal law. Dkt. 16. Plaintiff is a male who worked for Defendant as a security administrator in Defendant's department of technology services. Dkt. 28 at 2. Plaintiff's former romantic partner and the mother of his child, Rebecca Sposato, works as a nurse in the Downtown Denver Expeditionary School (DDES), which is one of Defendant's charter schools. *Id.*

In December 2018, Plaintiff accused Ms. Sposato of abusing their daughter at their home during breakfast. *Id.* at 3. Although the Denver police concluded Ms. Sposato had assaulted the child, the district attorney declined to bring charges. *Id.*

1

Since that time, Plaintiff has repeatedly complained to DDES and its principal about Ms. Sposato and her continued employment. *Id.*

In January 2023, Plaintiff's daughter was involved in a bullying incident. *Id.* Plaintiff complained to the DDES principal about the incident and about Ms. Sposato. *Id.* On February 8, 2023, Plaintiff further complained about Ms. Sposato and her continued employment to Defendant's Human Resources Department. *Id.* at 3-4. After this, Plaintiff used his position as a security administrator to access the DDES principal's email and his supervisor's email to see if the principal was going to retaliate against him. *Id.* at 4.

In addition, starting in August 2021, Plaintiff sent several complaints to the "U.S. Secret Service" about Defendant's cybersecurity, data breaches, and Defendant's initiative to provide internet access to people experiencing homelessness. *Id.* He also complained to his colleagues about these issues. *Id.* at 3-4.

In early March 2023, Defendant suspended Plaintiff pending an investigation into allegations he improperly accessed email accounts belonging to the DDES principal and his supervisor. *Id.* at 4. Defendant terminated Plaintiff's employment on March 13, 2023, purportedly for violating its policies. *Id.* As a result of these allegations, Plaintiff initiated this case asserting three claims: (1) Title VII sex discrimination; (2) Title VII retaliation; and (3) retaliation in violation of the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002

(No FEAR Act). *See* Dkt. 16. Defendant filed a Motion to Dismiss seeking dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 20.

The Court referred the Motion to Magistrate Judge Kathryn A. Starnella, and on August 30, 2024, Judge Starnella issued her Recommendation that this case be dismissed in its entirety. Dkt. 28. On September 4, 2024, Plaintiff filed objections (Dkt. 32) but before Defendant had an opportunity to respond, Plaintiff filed modified objections (Dkt. 39) on September 10, 2024. Defendant responded to both sets of objections. Dkt. 41. The Court, however, only addresses Plaintiff's modified objections because, for reasons that are not entirely clear, Plaintiff drafted his initial objections without having read Judge Starnella's opinion. To be sure, all the objections in Plaintiff's first filing are directed at Defendant's arguments and actions and do not specify any purported errors in Judge Starnella's reasoning. *See* Dkt. 32. Thus, the Court considers Plaintiff's second filing to be his operative objections.

Having reviewed the Amended Complaint, Motion, Recommendation, and relevant briefing on these matters, the Court agrees with Judge Starnella's thorough and well-reasoned conclusion that Plaintiff has failed to articulate any claims for relief. Consequently, the Court AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

1.   **Review of a Magistrate Judge's Recommendation**

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

3

the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's

4

recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

2. **Treatment of a Pro Se Plaintiff's Pleadings**

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir.

5

2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

Plaintiff makes specific objections challenging Judge Starnella's conclusions regarding his Title VII sex discrimination claim. *See* Dkt. 39. He does not make any objections to Judge Starnella's analysis or conclusions regarding his Title VII retaliation claim. And with respect to his claim under the No FEAR Act, Plaintiff's objection amounts to little more than a disagreement with the correctness of Judge Starnella's analysis, which is too general. As a result, Plaintiff has waived *de novo* review of these parts of the Recommendation and the Court reviews them only for clear error. *Thomas*, 474 U.S. at 148-53.

Judge Starnella's Recommendation regarding Plaintiff's Title VII retaliation claim and his No FEAR Act claim is detailed and thorough and contains no clear error on the face of the record. It construes Plaintiff's claims liberally and correctly applies the controlling law. Consequently, the Court affirms and adopts this portion of Judge Starnella's analysis without further comment.[1]

---

[1] Plaintiff also states Judge Starnella's use of the term "reverse sex discrimination" demonstrates bias. Dkt. 39 at 2. It does nothing of the sort. "Reverse sex discrimination" is the recognized and accepted legal terminology used to describe a claim of discrimination based on sex when, as here, the plaintiff is male. *See e.g., McGarry v. Bd. of Cty. Comm'rs of Cty. of Pitkin*, 175 F.3d 1193, 1199 (10th Cir. 1999).

6

Turning to the specific objections, Plaintiff first objects to the magistrate judge's conclusion that Plaintiff and Ms. Sposato are not similarly situated such that her more favorable treatment could constitute evidence of discrimination. Plaintiff argues that he and Ms. Sposato work for the same organization and are subject to the same ethics codes and rules of conduct. Dkt. 39 at 1. As Judge Starnella aptly discussed, however, the law requires more.

While a plaintiff may establish an inference of discrimination by demonstrating the employer treated the plaintiff differently than a similarly situated employee, the plaintiff must also establish the comparator "shares the same supervisor, is subject to the same standards governing performance evaluation and discipline, and has similar relevant employment circumstances, such as work history." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021). Here, Ms. Sposato worked as a school nurse under a different supervisor and is not alleged to have engaged in the same type of conduct as Plaintiff. Thus, Judge Starnella correctly concluded Ms. Sposato is not an appropriate comparator for purposes of establishing a Title VII sex discrimination claim. Plaintiff's objection is overruled.

In his second objection, Plaintiff seemingly concedes Judge Starnella's conclusion that he failed to sufficiently allege background circumstances showing Defendant discriminates against the majority. Instead of challenging this finding, he attempts to amend his pleadings with a number of civil rights complaints filed against Defendant. These efforts are unavailing. First, Plaintiff may not amend his

7

pleadings in such a manner. *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[A] court may not consider allegations or theories [in a response brief] that are inconsistent with those pleaded in the complaint."). And even if he could, these new allegations would not salvage Plaintiff's claim because there are no underlying details regarding the purported incidents of discrimination. To be sure, Plaintiff admits he does not know which, if any, of these cases involve allegations of sex discrimination. Dkt. 39 at 3. Thus, the Court overrules this objection.

\*   \*   \*

For the reasons shared above, the Court OVERRULES Plaintiff's objections to the Recommendation. The Court AFFIRMS and ADOPTS Magistrate Judge Kathryn A. Starnella's Recommendation and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. 20) is GRANTED.
2. Plaintiff's Title VII claims are dismissed without prejudice for failure to state a claim.
3. Plaintiff's claim pursuant to the No FEAR Act is dismissed with prejudice because there is no private cause of action under the statute.
4. The Clerk of the Court shall enter judgment for Defendant on Plaintiff's claims and shall terminate this action.
5. Defendant shall be entitled to an award of costs.

DATED: March 17, 2025.

BY THE COURT:

_____

S. Kato Crews
United States District Judge

9